# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:00-CR-378 CAS |
| | ) | |
| DEMARCO SLAUGHTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's letter dated December 21, 2009, which will be construed as a motion to appoint counsel and reduce sentence pursuant to United States Sentencing Guideline ("USSG") § 4A1.3(b)(1). For the following reasons, the motion will be denied.

Defendant pled guilty to one count of possession with intent to distribute in excess of 5 grams cocaine base ("crack"), 21 U.S.C. § 841(a)(1). Pursuant to § 4B1.1, defendant was considered a career offender. On December 18, 2001, the Court sentenced defendant to 188 months of incarceration. The Court has previously held defendant was not entitled to a reduction in sentence under Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses, because he was sentenced as a career offender. On appeal, the Eighth Circuit Court of Appeals affirmed this ruling.

Defendant now seeks a reduction in sentence based on USSG § 4A1.3(b)(1), which allows a court to depart downward at sentencing "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal

history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1).

Additionally, defendant attaches to his motion a list of the programs he has completed during his incarceration, including an apprenticeship in Quality Control Technician through the U.S. Department of Labor and a certificate in Quality Assurance Supervision from an accredited college. He states that he has obtained 18 transferable credits, and made the dean's list with a 3.8 grade point average for the year.

While the Court commends defendant for his efforts and accomplishments in prison, it does not have the authority to reduce defendant's sentence pursuant to USSG § 4A1.3(b)(1). Section 3582(c)(2) strictly limits the court's ability to modify a term of imprisonment. The statute provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Under the language of the statute, this Court's authority to modify a final judgment is limited to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant has not identified any amendment promulgated by the Sentencing Commission that would lower his sentencing range, therefore he is not entitled to a reduction pursuant to § 3582(c)(2). The Court is not free to ignore the requirements that Congress has established for modification of a criminal

sentence. <u>See</u> <u>United States v. Blackwell</u>, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[] jurisdiction to do so."). As a result, defendant's motion for appointment of counsel and for a sentence reduction based on USSG § 4A1.3(b)(1) is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's letter to the Court dated December 21, 2009, construed as a motion for appointment of counsel and to reduce sentence pursuant to USSG § 4A1.3(b)(1), is **DENIED**. [Doc. 53]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _____1st_____ day of February, 2010.